# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MICHAEL EDWARD ALLEN                                                      PLAINTIFF

V.                           No. 4:20CV00690-DPM-JTR

LUCAS EMBERTON, Sheriff,
Van Buren County; and
BRICK LEWIS, Administrator,
Van Buren County Jail                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Michael Edward Allen ("Allen") filed this § 1983 action while he was a pretrial detainee at the Van Buren County Jail ("VBCJ"), alleging that Defendants were violating his constitutional rights by limiting his access to

television, radio, newspapers, and telephones. *Doc. 1*. Before Allen may proceed with this action, the Court must screen his claims.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678.

## II. Discussion

On May 28, 2020, Allen filed this Complaint alleging that, for five months, he had been held in the VBCJ without any "access to the outside world." *Doc. 1 at 4*. According to Allen, there was no television or radio, he had seen three newspapers in five months, and he was "at present" not being allowed to make phone calls. As Defendants, he named Defendants Sheriff Lucas Emberton ("Emberton") and Jail Administrator Brick Lewis ("Lewis"), in their official and individual capacities. *Id.*

*at 1-2.* In his prayer for relief, Allen sought injunctive relief only: "Give us news of the outside world. An hour of television, a radio or maybe a newspaper once a week." *Id.* at 5.

For several reasons, Allen's allegations fail to state a plausible constitutional claim.

First, Allen's only request for relief – an injunction ordering the VBCJ to provide television, radio, and weekly newspapers – is not available because he is no longer incarcerated at that facility.[1] *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding that a prisoner's request for injunctive relief is rendered moot when he is transferred to another facility and is no longer subject to the allegedly unconstitutional conditions; recognizing that because the plaintiff "is no longer subject to the policies he challenges, there is no live case or controversy"). Because that is the only requested relief, Allen's § 1983 action has been rendered moot.

Second, even if Allen were requesting appropriate relief, the Complaint makes no specific factual or legal allegations against either Defendant. A prisoner must do more than make entirely conclusory allegations that are not supported by any facts. *Iqbal,* 556 U.S. at 678. In addition, to state a plausible § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Turner v. Mull,* 784 F.3d

---

[1] Allen is now incarcerated at the Cleburne County Detention Center. *Doc. 5.*

3

485, 493-94 (8th Cir. 2015) ("This court has made clear that '[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.'"); *Krych v. Hvass,* 83 F. App'x 854, 855 (8th Cir. 2003) (holding that *pro se* plaintiff failed to state a claim against individuals that he "merely listed" in the complaint as defendants). The "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability." *Keeper v. King.,* 130 F.3d 1309, 1314 (8th Cir. 1997). The broad and conclusory allegations in Allen's Complaint fail to allege sufficient personal involvement on the part of either Emberton or Lewis.

Finally, Allen has not alleged specific facts to show that his restricted access to television, radio, newspapers and phone calls rose to the level of a constitutional violation. It is well-established that prisoners have no constitutional right to watch television or listen to a radio. *Murphy v. Walker*, 51 F.3d 714, 718 n.8 (7th Cir. 1995) (holding that denial of television did not violate pretrial detainee's Eighth or Fourteenth Amendment rights); *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) (holding that prisoners "have no fundamental right to in-cell cable television"); *see also Wattleton v. Hodge*, 798 F. App'x 964 (8th Cir. 2020), *aff'g* No. 18cv793, 2019 WL 2432159, at *4 (D. Minn. June 11, 2019) ("[D]etainees have no constitutional right to watch television."); *Scott v. Burl,* No. 5:16cv327-JLH, 2018 WL 1277732 (E.D. Ark. Mar. 12, 2018), *adopting* 2018 WL 1308963, at *4 (holding that "inmates

4

do not have a constitutional right to watch television"); *Dunahue v. Watson*, No. 5:15-CV-276-BSM, 2017 WL 4931674 (E.D. Ark. Oct. 31, 2017), *adopting* 2017 WL 4931705, at *3 ("[T]here is no clearly established constitutional right to a television or radio.").

Prisoners have a First Amendment right to receive published materials, subject to reasonable limitations; however, that right does not create an affirmative duty on prisons to provide news publications to inmates. *Collins v. Burl,* No. 2:11cv40-DPM, 2011 WL 2457532, at *1 (E.D. Ark. June 17, 2011) (citing *Pell v. Procunier,* 417 U.S. 817, 822 (1974)); *see Anderson v. Bowers*, No. 3:19-CV-296-JM, 2020 WL 624229 (E.D. Ark. Feb. 10, 2020), *adopting* 2020 WL 625236, at *2 (no constitutional violation from one-month denial of access to a newspaper); *Brown v. Moore,* 93 F. Supp. 3d 1032, 1043 (W.D. Ark. 2015) (in absence of a total ban on newspapers, court must evaluate extent of prisoner's access to news publications); *Hall v. Phillips*, No. Civ. 04-4131, 2005 WL 3789233 (W.D. Ark. Dec. 14, 2005), *adopting* 2005 WL 3783651, at *7-8 (detainee's rights not violated when detention center did not furnish books, newspapers, magazines, radio, or television, because detainee was not prevented from obtaining those materials for himself). Allen admits that he occasionally read a newspaper, and he does not allege that there was a blanket prohibition on newspapers or magazines at the VBCJ, or that he was otherwise

5

prevented from obtaining newspapers or magazines from sources other than the VBCJ.

Similarly, Allen's conclusory allegation that he was "at present" being denied access to a phone does amount to a constitutional violation. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1041 (8th Cir. 2012) (reasonable restrictions on telephone usage are not unconstitutional where prisoners have alternative means for contacting their family, friends, and attorneys); *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (no right to "unlimited telephone use"). Allen makes no allegation that he was *prevented* from communicating with his loved ones or his attorney for a significant period of time.

Because Allen has not pled a plausible § 1983 claim against Defendants, this case should be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Allen's Complaint (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.    The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 3rd day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE